IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

Shane A Wiley
769 SW 19th Street, Apt. 2204
Moore, Oklahoma 73160
Plaintiff,

v.

Thirty5 West New LP LLC
769 SW 19th Street
Moore, Oklahoma 73160
Defendant,

and

Pegasus Residential, LLC
1750 Founders Parkway, Suite 180
Alpharetta, Georgia 30009
Defendant,

and

Amber McPherson
Community Director, Thirty5 West
769 SW 19th Street
Moore, Oklahoma 73160
Defendant.

FILED
NOV 21 2025
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____ naa _____, DEPUTY

**VERIFIED CIVIL COMPLAINT AND BILL IN EQUITY**

**FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF,
VIOLATIONS OF CONSTITUTIONAL AND COMMERCIAL RIGHTS,
AND UCC ARTICLE 9 CONFLICTS**

Plaintiff Shane A Wiley ("Plaintiff"), proceeding sui juris, brings this Verified Civil Complaint & Bill in Equity against Defendants Thirty5 West New LP LLC, Pegasus Residential, LLC, and Amber McPherson, and alleges as follows:

**I. NATURE OF THE ACTION**

1. This is a civil action seeking declaratory and injunctive relief, arising from Defendants' attempts to enforce a residential lease and threaten eviction without legal capacity, standing, or authority, in violation of:
- Federal constitutional due process rights (42 U.S.C. § 1983);
- UCC Article 9 governing secured-party interests and collateral enforcement;
- Federal Fair Debt Collection Practices Act (FDCPA) as applied to unauthorized debt enforcement;
- The Declaratory Judgment Act, 28 U.S.C. § 2201;
- Equitable doctrines prohibiting unjust enrichment, misrepresentation, and unconscionability.

2. Plaintiff seeks a Temporary Restraining Order and Preliminary Injunction prohibiting Defendants from taking any eviction-related action until they prove:
- Who owns the property;
- Who holds the enforceable interest;
- Who is the legal party in interest under FRCP 17(a);
- Whether the lease is valid against a pre-existing secured-party interest;
- Whether Defendants have authority under UCC Article 9 to enforce collateral rights.

3. Plaintiff also seeks a declaration that Defendants lack standing to enforce the lease because the real party in interest — the secured party of record — is Wells Fargo Bank, N.A., whose UCC-1 financing statement encumbers the real property and supersedes all possessory and enforcement rights.

4. Plaintiff does not name Wells Fargo Bank, N.A. as a defendant, but asks the Court to recognize its secured-party status as part of determining whether Defendants have legal authority to enforce the lease.

## II. JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under:
- 42 U.S.C. § 1983 (Due Process violations),
- The Declaratory Judgment Act (28 U.S.C. § 2201–2202),
- UCC Article 9 (federal commercial law in interstate secured transactions), and
- FDCPA violations arising from unauthorized debt enforcement.

6. This Court has jurisdiction under 28 U.S.C. § 1343(a)(3) for civil rights violations.
7. Venue is proper under 28 U.S.C. § 1391 because:
- The property is located in Moore, Oklahoma,
- All events occurred within the Western District of Oklahoma, and
- Defendants transact business and act within this district.

## III. PARTIES

8. Plaintiff, Shane A Wiley, is a natural person residing at 769 SW 19th Street, Apt. 2204, Moore, OK 73160.

9. Defendant Thirty5 West New LP LLC is the entity listed as "Owner" on the lease agreement signed by Plaintiff. Its business address is 769 SW 19th Street, Moore, OK 73160.

10. Defendant Pegasus Residential, LLC is the property management company designated on the lease to receive notices, enforce alleged debts, and administer tenancy.

11. Defendant Amber McPherson is the Community Director acting under color of authority for both Defendants, sending notices, threatening eviction, collecting payments, and refusing verification of ownership or capacity.

## IV. FACTUAL BACKGROUND

12. On or about August 2025, Plaintiff entered into a residential lease agreement with Thirty5 West New LP LLC ("Owner"). The lease identifies Pegasus Residential, LLC as the Property Manager responsible for receiving notices and administering the tenancy.

13. At the time of executing the lease, Plaintiff was not informed of any encumbrances, securitization, or prior security interests affecting the property. Plaintiff relied on Defendants' representations that they had lawful capacity and authority to lease the premises.

14. After signing the lease, Plaintiff discovered that the property located at 769 SW 19th Street, Moore, Oklahoma is subject to an active and perfected UCC-1 Financing Statement filed by Wells Fargo Bank, N.A., as secured party, which encumbers the entire apartment complex and its rental income stream.

15. The UCC financing statement was filed prior to Plaintiff's lease and remains active pursuant to a Continuation Statement. Under UCC § 9-515, a continuation filed within six months before lapse preserves the secured-party interest for an additional five years.

16. As a result, Wells Fargo Bank, N.A., not Thirty5 West New LP LLC, is the secured party of record and holds superior rights in the collateral, including rents, leases, fixtures, proceeds, and access rights.

17. Under UCC §§ 9-203, 9-207, 9-315, and 9-607, a debtor (here, Thirty5 West New LP LLC) may not enforce collateral or collect rents unless expressly authorized by the secured party or unless no default exists. Defendants have not demonstrated such authorization.

18. Plaintiff requested that Defendants provide verification of ownership, standing, and the contractual or statutory authority demonstrating they were legally empowered to enforce the lease or pursue eviction.

19. Defendant Amber McPherson responded to Plaintiff's inquiries by stating that management "is fully authorized" to enforce the lease, but refused to provide:

- A copy of the Property Management Agreement;
- The clause granting eviction authority;
- Proof of authorization from the secured party;
- Verification of ownership; or
- Any documentation supporting their claimed legal capacity.

20. Plaintiff requested clarification regarding contradictory statements made by Defendants, including the identity of the true owner. Defendants previously referenced "Thirty5

West Apartments, LP," an entity not named in the lease, further demonstrating confusion and misrepresentation of ownership.

21. On information and belief, the name of the ownership entity provided to Plaintiff changed multiple times, and Defendants have failed to consistently identify the real party in interest as required under FRCP 17(a).

22. On or around late 2025, Defendants falsely informed Plaintiff that Plaintiff's account was "in eviction status" despite no legal filing being made in any Oklahoma court, and despite Defendants having no verified authority to enforce eviction rights.

23. These false representations caused Plaintiff distress and placed Plaintiff at risk of imminent, irreparable harm, including wrongful eviction, unlawful dispossession, and loss of housing without due process.

24. Plaintiff is current in raising disputes and administrative notices to Defendants and has exhausted good-faith attempts to resolve the issue privately. Defendants have refused to provide proof of capacity or to pause eviction threats during verification.

25. Plaintiff alleges that Defendants intentionally concealed securitization of the property, intentionally concealed the secured-party interest of Wells Fargo, and misrepresented their legal capacity to enforce the lease.

26. As a result, Plaintiff now brings this action seeking declaratory and injunctive relief, requiring Defendants to prove standing before any adverse housing action is taken.

## V. UCC ARTICLE 9: SECURED-PARTY CONFLICT & STANDING DEFECTS

27. Under UCC § 9-203, a security interest attaches when the secured party gives value, the debtor has rights in the collateral, and a security agreement is executed. Wells Fargo Bank satisfies all three elements.

28. Under UCC § 9-607, only the secured party may:

- enforce rights in the collateral,
- collect payments,
- or direct the application of rents and proceeds.

29. Thirty5 West New LP LLC, as debtor under the financing statement, cannot enforce collateral rights—including leases and evictions—without express authorization from the secured party.

30. Defendants have not produced any such authorization.

31. Under UCC § 9-315(a)(2), the secured party maintains a continuous interest in the collateral and proceeds, including rent payments from tenants such as Plaintiff.

32. Defendants' attempts to collect rent or enforce eviction without authority constitute unauthorized enforcement of collateral rights.

33. The securitized nature of the property also implicates federal commercial jurisdiction and interstate commerce, placing this matter firmly within federal purview.

## VI. REAL PARTY IN INTEREST DEFECT (FRCP 17(a))

34. Federal Rule of Civil Procedure 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest."

35. Defendants have not demonstrated that they are:

- the owner,
- the beneficial interest holder,
- the authorized agent of the secured party,
- or the party entitled to enforce the lease under state or federal law.

36. Because Wells Fargo Bank, N.A. holds the perfected secured-party interest, Plaintiff's lease is subordinate to the secured interest. Thirty5 West New LP LLC cannot enforce rights it does not possess.

37. Defendants' refusal to verify authority, ownership, or standing violates federal procedural requirements and undercuts the validity of any attempted eviction or collection activity.

## VII. DUE PROCESS VIOLATIONS (42 U.S.C. § 1983)

38. Defendants' actions constitute state action for purposes of 42 U.S.C. § 1983 because Oklahoma eviction courts depend on private landlords to comply with statutory notice, verification, and standing requirements.

39. Threatening eviction without standing, refusing to validate the debt, and attempting to dispossess Plaintiff without proper authority constitutes a violation of Plaintiff's:

- Procedural Due Process, and
- Substantive Due Process rights.

40. Defendants' actions subject Plaintiff to deprivation of property (housing) without lawful process.

## VIII. FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) VIOLATIONS

41. Defendants Pegasus Residential, LLC and Amber McPherson are "debt collectors" under 15 U.S.C. § 1692a(6) because they regularly collect or attempt to collect debts allegedly owed to another (Thirty5 West New LP LLC).

42. Defendants attempted to collect a disputed debt, threatened eviction, and used coercive language, despite:

- Failing to verify the debt under 15 U.S.C. § 1692g(b);
- Failing to provide validation of ownership;
- Failing to establish legal capacity;
- Failing to verify the real party in interest;
- Continuing collection actions after receiving written dispute.

43. Defendants falsely represented that Plaintiff's account was in "eviction status," a knowingly false, deceptive, and misleading statement, in violation of 15 U.S.C. § 1692e.

44. Defendants attempted to collect rent and fees they were not legally entitled to collect, in violation of 15 U.S.C. § 1692f(1).

45. Defendants' refusal to verify the debt or produce evidence of capacity violated 15 U.S.C. § 1692g(a)-(b).

## IX. CAUSES OF ACTION (COUNTS 1–7)

### COUNT I — Declaratory Judgment (28 U.S.C. § 2201–2202)

46. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

47. An actual and substantial controversy exists between Plaintiff and Defendants regarding:

- The validity and enforceability of the lease;
- Defendants' legal capacity to enforce the lease;
- The identity of the real party in interest;
- Whether the property's securitization supersedes Defendants' claimed rights;
- Whether eviction may proceed without proper standing.

48. Plaintiff seeks a declaration establishing:

a. Defendants are not the real party in interest;
b. Defendants lack legal capacity to enforce the lease;
c. Defendants cannot initiate or threaten eviction absent proof of authority;
d. Defendants violated Plaintiff's rights;
e. Plaintiff is entitled to quiet enjoyment and equitable relief.

### COUNT II — Violation of Due Process (42 U.S.C. § 1983)

49. Plaintiff re-alleges all preceding paragraphs.

50. Defendants, jointly and severally, acted under color of Oklahoma's eviction statutes by issuing false notices, threatening eviction, and enforcing housing rights they do not lawfully possess.

51. Defendants deprived Plaintiff of procedural and substantive due process by:

- Threatening dispossession without standing;
- Refusing to provide verification;
- Pressuring Plaintiff with false eviction claims;
- Failing to provide required contractual disclosures.

52. These actions constitute a deprivation of Plaintiff's rights under the Fourteenth Amendment.

## COUNT III — Unauthorized Enforcement of Collateral Rights (UCC Article 9)

53. Plaintiff incorporates all prior allegations.
54. Because the property is encumbered by an active UCC financing statement naming Wells Fargo Bank, N.A. as secured party of record, Defendants:

- are debtors, not secured parties;
- lack enforcement authority;
- cannot collect rents;
- cannot enforce lease covenants;
- cannot initiate eviction absent secured-party authorization.

55. Defendants' collection efforts and enforcement activities violate UCC §§ 9-203, 9-207, 9-315, and 9-607.

## COUNT IV — Fair Debt Collection Practices Act (FDCPA)

56. Plaintiff incorporates all prior allegations.
57. Defendants engaged in unlawful debt collection practices by:

- Misrepresenting the legal status of the debt;
- Threatening actions they could not lawfully take;
- Failing to validate the debt;
- Engaging in deceptive conduct.

58. These actions violate 15 U.S.C. §§ 1692e and 1692f.

## COUNT V — Breach of Contract & Misrepresentation

59. Defendants breached the lease by failing to provide:

- Clear ownership disclosures;
- Legally required verification;
- Accurate accounting;
- Good faith and fair dealing.

## COUNT VI — Unjust Enrichment

60. Defendants accepted rent payments under the pretense of having legal authority, despite lacking standing.
61. Retaining those payments without lawful capacity constitutes unjust enrichment.

## COUNT VII — Quiet Enjoyment & Equitable Relief

62. Plaintiff is entitled to quiet enjoyment and equitable protection where Defendants lack authority to disturb possession.
63. Equity prohibits enforcement of rights Defendants do not possess.

## X. REQUEST FOR TEMPORARY RESTRAINING ORDER & PRELIMINARY INJUNCTION

Plaintiff respectfully requests immediate injunctive relief pursuant to FRCP 65 because:

1. Immediate and irreparable harm is present

Eviction threats, false notices, and coercive communications create imminent risk of:

- homelessness
- loss of property rights
- emotional harm
- constitutional violation
- wrongful dispossession

These harms cannot be compensated by money.

2. Plaintiff is likely to succeed on the merits

Defendants lack standing and have refused to verify authority.

3. Balance of equities favors Plaintiff

Defendants lose nothing by pausing actions they are not authorized to take.

4. Public interest favors injunction

Protecting due process and preventing wrongful eviction is in the public's interest.

## XI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Issue a Temporary Restraining Order prohibiting Defendants from taking any eviction-related action.
2. Issue a Preliminary Injunction pending final judgment.
3. Declare Defendants lack standing and legal capacity under FRCP 17(a).
4. Declare the lease unenforceable absent secured-party authorization.

## CERTIFICATE OF SERVICE

*(FRCP 5(d), LCvR 5.5 Compliant)*

**CERTIFICATE OF SERVICE**

I hereby certify that on this __21__ day of __November__, 2025, I served a true and correct copy of the foregoing upon the following Defendants, pursuant to Fed. R. Civ. P. 5(b)(2) and LCvR 5.5, by depositing the same in the United States Mail, postage prepaid, addressed as follows:

**Thirty5 West New LP LLC**
c/o Registered Agent
769 SW 19th Street
Moore, OK 73160

**Pegasus Residential, LLC**
c/o Registered Agent:
Registered Agent Solutions, Inc.
838 Walker Road, Suite 21–2
Dover, DE 19904

**Amber McPherson**
Community Director
769 SW 19th Street
Moore, OK 73160

☐ **By Certified Mail – Return Receipt Requested**
☐ **By First-Class Mail**
☐ **By Personal Delivery**
☐ **By Email (if authorized)**
☐ **Other:** _____

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Dated: __November 21__, 2025

_____
Shane A. Wiley
Pro Se Plaintiff
769 SW 19th Street, Apt. 2204
Moore, OK 73160
Email: shanewiley777@outlook.com