UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANE A. WILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-1400-R |
| ) | |
| THIRTY5 WEST NEW LP LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's "Emergency Motion for Temporary Restraining Order & Preliminary Injunction" [Doc. No. 3]. Plaintiff seeks an order enjoining Defendants from initiating or pursuing any eviction-related action against him.

A temporary restraining order is a type of drastic relief warranted only "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). To obtain preliminary injunctive relief, "the moving party must establish that: (1) he or she will suffer irreparable injury unless the injunction issues; (2) the threatened injury ... outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits." *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) (brackets omitted). Additionally, issuance of a TRO is "appropriate only when the procedural safeguards of Fed.R.Civ.P. 65(b) are scrupulously honored." *Honeycutt v. Mitchell*, No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D.

Okla. Oct. 23, 2008) (quotation omitted). When a party seeks a TRO without notice to the adverse party, Rule 65 requires the movant to set out "specific facts in an affidavit or verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and a certification in writing by the movant's attorney describing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). A pro se plaintiff's motion is subject to dismissal for failure to comply with these requirements. *See Truitt v. Bear*, No. CIV-19-581-F, 2019 WL 6833722, at *1 (W.D. Okla. Nov. 20, 2019), report and recommendation adopted, No. CIV-19-581-F, 2019 WL 6829961 (W.D. Okla. Dec. 13, 2019).

Here, Plaintiff has not satisfied his burden of setting out specific facts showing that there is an immediate danger of irreparable injury or a likelihood of success on the merits such that the motion should be heard before the defendants have been formally served. Additionally, although the Complaint includes a certificate of service indicating that it was sent by mail to Defendants, the motion does not include a description of any efforts made to give notice of the request for a TRO.

Accordingly, to the extent Plaintiff's motion seeks the issuance of a TRO without notice, it is denied without prejudice.

IT IS SO ORDERED this 1st day of December, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE