UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANE A. WILEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-25-1400-R |
| | ) |
| THIRTY5 WEST NEW LP LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

### ORDER

Before the Court is Plaintiff's Motion to Reconsider [Doc. No. 10] which seeks reconsideration of the Court's prior order [Doc. No. 9] denying her request to enter a temporary restraining order without notice [Doc. No. 3]. Also before the Court is Plaintiff's Second Supplement to Emergency Motion for Temporary Restraining Order and Verified Statement of Irreparable Harm and Jurisdictional Violations [Doc. No. 13], Emergency Request for Hearing on Plaintiff's Pending Motion for Temporary Restraining Order [Doc. No. 14], and Motion to Expedite Emergency Review of Plaintiff's Motion for Temporary Restraining Order [Doc. No. 15].

In her Complaint, Plaintiff alleges that she entered into a residential lease agreement with Defendant Thirty5 West New LP LLC and that the lease identifies Defendant Pegasus Residential LLC as the property manager for the premises. She contends that the property is subject to a financing statement and this encumbrance prevents Defendants from collecting rent. She seeks declaratory and injunctive relief "requiring Defendants to prove standing before any adverse housing action is taken" and asserts claims under 42 U.S.C. §

1

1983 for violation of her due process rights, the Fair Debt Collection Practices Act, "unauthorized enforcement of collateral rights," breach of contract, unjust enrichment, and breach of quiet enjoyment. In her present set of motions, she contends that she faces an imminent risk of eviction and seeks a preliminary injunction precluding Defendants from taking any eviction related action against her.

However, for two primary reasons, the Court once again concludes that Plaintiff is not entitled to preliminary injunctive relief. First, the Court is not persuaded that Plaintiff has sufficiently complied with the procedural requirements contained in Federal Rule of Civil Procedure 65. As explained in the prior order, Rule 65 states that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). When a party seeks a TRO without notice to the adverse party, Rule 65 requires the movant to set out "specific facts in an affidavit or verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and a certification in writing by the movant's attorney describing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Rule 65 "must be strictly complied with," *Com. Sec. Bank v. Walker Bank & Tr. Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972), and a pro se plaintiff is not excepted from these requirements. *See Truitt v. Bear*, No. CIV-19-581-F, 2019 WL 6833722, at *1 (W.D. Okla. Nov. 20, 2019), report and recommendation adopted, No. CIV-19-581-F, 2019 WL 6829961 (W.D. Okla. Dec. 13, 2019).

Here, Plaintiff seeks a preliminary injunction with notice and has submitted a sworn affidavit and other documents in support of her contention that she has served Defendants

[Doc. Nos. 11 and 12]. This information reflects that Plaintiff personally attempted to mail a copy of the Complaint via certified mail and the mailing was refused. The Court is not persuaded that this service is effective or that these efforts are sufficient to provide notice to the adverse party of her request for preliminary injunctive relief. *See Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail.")

Second, even if Plaintiff were to cure the procedural defects in her request, she has not shown a likelihood of success on the merits. To obtain preliminary injunctive relief, "the moving party must establish that: (1) he or she will suffer irreparable injury unless the injunction issues; (2) the threatened injury ... outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits." *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) (brackets omitted). Plaintiff has not provided any persuasive argument or authority in support of her theory that Defendants do not have the authority to collect rent or standing to seek eviction based on non-payment of rent. Further, Plaintiff has included documents indicating that on the same day she initiated this federal action, Defendant Thirty5 West New LP LLC initiated a forcible entry and detainer action in state court [Doc. No. 15-2]. It appears that the eviction proceeding is ongoing, in which case the Court is likely precluded from exercising jurisdiction over Plaintiff's claim for injunctive relief on *Younger* abstention grounds. Alternatively, if the proceeding is concluded, the *Rooker-Feldman* doctrine would likely prevent this Court

from exercising jurisdiction over some or all of Plaintiff's claims. *See Hicks v. Ruiz, No. 223CV00136MLGGJF,* 2023 WL 2743492, at *1 (D.N.M. Mar. 31, 2023) (explaining and applying *Younger* and *Rooker-Feldman* to complaint challenging state court eviction proceedings); *Cromar v. Powell*, No. 220CV00625DBBDAO, 2021 WL 1669610, at *3 (D. Utah Apr. 12, 2021), report and recommendation adopted, No. 220CV00625DBBDAO, 2021 WL 1663689 (D. Utah Apr. 28, 2021) (same).

Accordingly, Plaintiff's Motion to Reconsider [Doc. No. 10], Emergency Request for Hearing on Plaintiff's Pending Motion for Temporary Restraining Order [Doc. No. 14], and Motion to Expedite Emergency Review of Plaintiff's Motion for Temporary Restraining Order [Doc. No. 15] are DENIED.

IT IS SO ORDERED this 10th day of December, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE